No. 2566.—S. HENRY STOCKETT *v.* JOSEPH JOHNSON, Executor.

On trial of a rule to dissolve an injunction, the judge can not receive proof to establish a ground for injunction not alleged in the petition. In all such cases the plaintiff is restricted to the allegations in the petition.
A mortgage debtor is competent to renounce the benefit of appraisement. This renunciation can be made as well in a twelve months' bond as in an act of mortgage.

APPEAL from the Seventh District Court, parish of Pointe Coupée. *Miller, J. Auguste Provosty,* pro se., plaintiff and appellee. *F. H. Farrar,* for defendant and appellant.

WYLY, J. The plaintiff purchased a plantation at the succession sale of Henry Johnson, on twelve months' credit, giving his twelve months' bond, secured by mortgage on the premises.

The bond was not paid at maturity, and the defendant sued out an order of seizure and sale, which was enjoined by the plaintiff, on several grounds, to wit: The sale was ordered to be made without the benefit of appraisement; the order was granted without authentic evidence that the defendant was the executor; and on the ground of defect in the title of the property purchased, to wit: That after the purchase the plaintiff sued out a monition, to which one Peter Stockett, in behalf of his wife (a legatee of Henry Johnson), made opposition, on the ground that the property had been adjudicated to Stockett for less than its appraised value.

The court below perpetuated the injunction, and the defendant has appealed.

Our attention is directed to a bill of exceptions taken by the defendant to the rulings of the court, in receiving proof that the writ of sale did not have the seal of the court affixed to it.

We think the judge erred in receiving proof to establish a ground for injunction not alleged in the petition. We think it well settled that the plaintiff must be limited to the grounds taken in the petition, where none appear on the face of the papers rendering an injunction necessary. 3 L. 220; 2 An. 488.

In reference to the sale without the benefit of appraisement, we will remark that it was stipulated in the twelve months' bond that if the payment was not made on the day therein named, "the property of the principal, as well as of the secureties, may be seized and sold without the benefit of appraisement." * * * *

12

In Broadwell *v.* Rodrigues, 18 An. 74, after an elaborate examination of authorities, it was held that a mortgage debtor may legally renounce the benefit of appraisement.

It appears to us that the renunciation can be made as well in a twelve months' bond as in an act of mortgage.

As to the want of authentic evidence that the defendant was the executor of Henry Johnson, we will observe that the same appears in the act of sale and mortgage, and also in the twelve months' bond, that the entire transaction was had with the defendant in his fiduciary capacity.

In reference to the defective title, urged by the plaintiff in bar of the proceedings, we will say that the record presents no serious ground of complaint on that account. The property was first offered for cash; no one bidding the appraisement, there was no sale. It was then offered on a credit of twelve months, and the plaintiff became the purchaser. At the credit sale it was not necessary that the property should bring its full appraised value. C. P. 990.

There are other grounds stated in the petition, which are unworthy of serious consideration.

It is therefore ordered that the judgment of the court *a qua* be annulled, and that the injunction herein be dissolved, at plaintiff's costs in both courts.